IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VALUE MARKETING, INC., and EAST CENTRAL PUBLISHING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 4:16-cv-00016-CFB <br><br><br> **ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION** |

This matter is before the Court on the Motion for Reconsideration, (ECF No. 47), filed by Plaintiffs Value Marketing, Inc., and East Central Publishing, Inc. The Government filed a Resistance on February 27, 2018. (ECF No. 49). Plaintiffs filed a Reply on March 6, 2018. (ECF No. 50).

On January 19, 2018, the Court entered an Order, (ECF No. 45), denying Plaintiffs' Motion for Attorney's Fees and Costs pursuant to 26 U.S.C. § 7430, (ECF No. 36). The Court held that Plaintiffs were not entitled to attorney's fees and costs under this statute because: (1) the Government's position in the underlying litigation was substantially justified; (2) Plaintiffs failed to establish their eligibility for fees; and (3) Plaintiffs have failed to substantiate their request for fees, because they did not provide a detailed accounting of their attorney's fees, as required by 28 U.S.C. § 2412(d)(1)(B) or Local Rule 54.

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final judgment or order for several reasons, including mistake, inadvertence, surprise, or excusable neglect, or any other reason that justifies relief. Rule 60(b) motions cannot be used to introduce new evidence that could have been introduced earlier, to present new arguments that could have been presented before judgment, or to reargue the merits of the case. *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

Plaintiffs request the Court to reconsider its Order, arguing that: (1) the Government's position in the underlying litigation was not substantially justified, because it did not follow a

section of the Internal Revenue Manual; (2) no detailed explanation of costs is necessary under the Bill of Costs and Attorney's Fees provisions for judgment under Rule 54(d)(2)(B)(iii); and (3) Plaintiffs meet the net worth and maximum employee requirement for recovery, as shown in the statement of Robert Bierman, President of Plaintiffs, which was attached to the Motion to Reconsider, (ECF No. 47-1).[1]

Upon review of Plaintiffs' Motion, the Government's Resistance, and all of the authorities cited therein, the Court concludes that Plaintiffs have failed to present sufficient justification pursuant to Rule 60 for the Court to reconsider or set aside its previous order. Plaintiffs have presented no exceptional circumstances to modify the judgment; they have not established mistake, inadvertence, surprise, or excusable neglect. Plaintiffs reargue arguments previously made, and attempt to offer new evidence (again, not in the form of an affidavit) to cure deficiencies in the record. As noted in the Order, even if Plaintiff met the procedural requirements relating to net worth and number of employees, Plaintiffs were not entitled to a recovery of fees and costs because the Government's position in this litigation were substantially justified, and Plaintiffs did not submit adequate evidence to support the amounts claimed for fees and costs. Plaintiffs' Motion for Reconsideration, (ECF No. 47), is DENIED.

IT IS SO ORDERED.

Dated this 14th day of March, 2018.

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As with the "affidavit" of Bierman submitted in relation to Plaintiffs' Motion for Attorney's Fees and Costs, (ECF No. 38), this statement was notarized, but lacked a jurat. It does not contain a declaration that it was made under oath or penalty of perjury.